Michael S. Fischman (MF 7245)
Elizabeth Adinolfi (EA 3557)
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103
(212) 977-9700

Counsel for Plaintiff and Counterclaim-Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LABORATOIRES CARILÈNE S.A.S., | : |
| | : |
| Plaintiff and Counterclaim Defendant, | : Civ. 07 Civ. 9616 |
| | : (GEL)(JCF) |
| v. | : |
| | : **REPLY TO** |
| AURIGA LABORATORIES, INC., | : **COUNTERCLAIMS** |
| | : |
| | : EDF Filing |
| Defendant and Counterclaim Plaintiff. | : |

Plaintiff and Counterclaim Defendant Laboratoires Carilène S.A.S. ("Carilène"), by its counsel Phillips Nizer LLP, as and for its Reply to the Counterclaims asserted herein by Defendant and Counterclaim Plaintiff Auriga Laboratories, Inc. ("Auriga"), herein states as follows:

1.   Carilène admits to the allegations contained in paragraphs 1, 2, 3, 4, and 5 of the Counterclaims.

2.   Carilène denies knowledge or information sufficient to form a belief as to the truth of paragraph 6 of the Counterclaims.

3.   Carilène admits the allegations contained in paragraph 7 of the Counterclaims.

4.  Carilène admits in response to the allegations contained in paragraph 8 of the Counterclaims that on or about September 13, 2006 the parties entered into a License and Supply Agreement (the "Agreement") and respectfully refers the Court to the contract for its terms and conditions.

5.  Carilène admits the allegations contained in paragraph 9 of the Counterclaims.

6.  Carilène admits in response to the allegations contained in paragraphs 10 and 11 of the Counterclaims that it entered into the Agreement with Auriga and refers the Court to that contract for its terms and conditions.

7.  Carilène admits in response to the allegations contained in paragraph 12 of the Counterclaims that the first order from Auriga bears the date of September 26, 2006, but denies the other allegations alleged therein.

8.  Carilène admits the allegations contained in paragraph 13 of the Counterclaims.

9.  Carilène denies the allegations contained in paragraph 14 of the Counterclaims.

10. Carilène denies the allegations contained in paragraph 15 of the Counterclaims, except admits that the parties entered into the Agreement, and refers the Court to that contract for its terms and conditions.

11. Carilène denies the allegations contained in paragraph 16 of the Counterclaims that it breached any part of the Agreement, and refers the Court to the contract for its terms and conditions.

12. Carilène denies the allegations contained in paragraph 17 of the Counterclaims.

13. Carilène denies the allegations contained in paragraph 18 of the Counterclaims, except admits that Auriga sent a letter to Carilène dated October 16, 2007, and refers the Court to that letter for its content.

1029335.1

14. Carilène denies the allegations contained in paragraph 19 of the Counterclaims, except admits that Auriga sent Carilène's counsel a letter dated October 22, 2007, and refers the Court to that letter for its content.

15. Carilène denies the allegations contained in paragraph 20 of the Counterclaims.

16. Carilène admits the allegations contained in paragraph 21 of the Counterclaims.

17. Carilène denies the allegations contained in paragraphs 22, 23 and 24 of the Counterclaims, and refers the Court to the referenced Agreement for its terms and conditions.

18. Carilène denies the allegations contained in paragraph 25 of the Counterclaims, but admits that it provided Auriga with certain available marketing materials.

19. Carilène denies the allegations contained in paragraphs 26 and 27 of the Counterclaims.

20. Carilène admits the allegations contained in paragraphs 28 and 29 of the Counterclaims, and refers the Court to the photographs and related materials requested by Auriga and provided by Carilène.

21. Carilène denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Counterclaims.

22. Carilène admits in response to the allegations contained in paragraph 31 of the Counterclaims that Auriga sent a letter dated October 1, 2006 and refers the court to that letter for its content.

23. Carilène admits the allegations contained in paragraph 32 of the Counterclaims.

24. Carilène denies the allegations contained in paragraph 33 of the Counterclaims.

## FIRST COUNTERCLAIM

25. Carilène respectfully repeats and restates its responses to paragraphs 1 through 33 of the Counterclaims as its response to paragraph 34 of the Counterclaims.

1029335.1

26.     Carilène denies the allegations contained in paragraphs 35, 36 and 37 of the Counterclaims.

## SECOND COUNTERCLAIM

27.     Carilène respectfully repeats and restates its responses to paragraphs 1 through 33 of the Counterclaims as its response to paragraph 38 of the Counterclaims.

28.     Carilène denies the allegations contained in paragraphs 39, 40 and 41 of the Counterclaims.

29.     Carilène denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Counterclaims, except admits that it considers the Product to be novel and unique.

30.     Carilène denies the allegations contained in paragraphs 43 and 44 of the Counterclaims.

## THIRD COUNTERCLAIM

31.     Carilène respectfully repeats and restates its responses to paragraphs 1 through 33 of the Counterclaims as its response to paragraph 45 of the Counterclaims.

32.     The allegations of paragraph 46 of the Counterclaims contain legal conclusions for which no response is required. To the extent that a response is required, Carilène admits that the parties had an obligation to use their best efforts to effectuate the terms of the agreement.

33.     Carilène denies the allegations contained in paragraphs 47 and 48 of the Counterclaims.

## FOURTH COUNTERCLAIM

34.     Carilène respectfully repeats and restates its responses to paragraphs 1 through 33 of the Counterclaims as its response to paragraph 49 of the Counterclaims.

35. The allegations of paragraphs 50, 51 and 52 of the Counterclaims contain legal conclusions for which no responses are required. To the extent that a response is required, Carilène denies the allegations of paragraphs 50, 51 and 52, except admits that the "HG Agreement is valid and enforceable."

### FIFTH COUNTERCLAIM

36. Carilène respectfully repeats and restates its responses to paragraphs 1 through 33 of the Counterclaims as its response to paragraph 53 of the Counterclaims

37. The allegations of Paragraph 54 of the Counterclaims contain legal conclusions for which no response is required. To the extent that a response is required, Carilène admits that the parties had an obligation to use their best efforts to effectuate the terms of the agreement.

38. Carilène denies the allegations contained in paragraphs 55 and 56 of the Counterclaims.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The Counterclaims each fail to state a cause of action.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The Counterclaims are barred by the doctrine of unclean hands.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. The Counterclaims are barred by the doctrine of laches.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. Auriga, by its representations and conduct, is estopped from asserting the relief requested in the Counterclaims.

1029335.1

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

43. Auriga, by its representations and conduct, knowingly and voluntarily waived its right to the relief requested in the Counterclaims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

44. To the extent Auriga suffered any damages as a result of the conduct alleged in the Counterclaims, such damages were caused, in whole or in part, by its own culpable conduct.

**WHEREFORE**, Plaintiff/Counterclaim Defendant demands judgment as prayed for in the Complaint and judgment dismissing the Counterclaims, together with cost and disbursements, including attorneys' fees.

Dated: New York, New York
       January 2, 2008

>                   PHILLIPS NIZER LLP
>
>                   By: //Michael S. Fischman
>                       Michael S. Fischman (MF 7245)
>                       (mfischman@phillipsnizer.com)
>                       Elizabeth Adinolfi (EA 3557)
>                       (eadinolfi@phillipsnizer.com)
>                       666 Fifth Avenue
>                       New York, New York 10103-0084
>                       (212) 977-9700
>
>                       *Counsel for Plaintiff Laboratoires*
>                       *Carilène S.A.S.*

6

1029335.1

**CERTIFICATION OF SERVICE**

    I hereby certify that on January 2, 2008, I caused to be electronically filed the attached Reply to Counterclaims dated January 2, 2008, thereby causing service upon counsel for defendant/counterclaim plaintiff Charles J. Raubicheck and David A. Zwally at the firm of Frommer Lawrence & Haug LLP, 745 Fifth Avenue, New York, NY 10151

Dated: New York, New York
       January 2, 2008

                                        /s Michael S. Fischman