UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

LABORATOIRES CARILÈNE S.A.S.,

       Plaintiff/Counterclaim Defendant,

  -against-

AURIGA LABORATORIES, INC.,

       Defendant/Counterclaim Plaintiff.

------------------------------------------------------------x



07 Civ. 9616 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

      On March 5, 2008, the Court received a joint letter from the parties regarding a discovery dispute in this case. Specifically, plaintiff Laboratoires Carilène S.A.S. ("Carilène") contends that defendant Auriga Laboratories, Inc. ("Auriga") has failed to comply with its Rule 26(a)(1)(A)(iii) obligations to specify the damages it seeks on its counterclaims.[1]

      Under Rule 26(a)(1)(A)(iii), "a party must, without awaiting a discovery request, provide to the other parties . . . a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34, the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered." Fed. R. Civ. P. 26(a)(1)(A)(iii). Contrary to Auriga's contention that Carilène manufactured its objection "out of whole cloth" (Ltr. from Michael S. Fischman to the Court, March 5, 2008, Ex. C), Carilène's request for specification of the damages sought by Auriga is entirely consistent with the plain language of Rule 26(a)(1)(A)(iii).

      According to Carilène, "[a] calculation of damages incurred *by Auriga* should not require production of documents *from Carilène*" as "Auriga presumably had some basis for claiming that it incurred 'financial damages' in the counterclaims." (Id. at 3.) While there are some cases in which a plaintiff's damages calculation may be contingent on discovery from a defendant (e.g., damages in an infringement case may depend on how many infringing products were sold by the defendant), this is not such a case. Indeed, the amount of damages sought by Auriga depends on facts known to Auriga or discoverable through independent investigation (e.g., the market for hair growth products) that do not involve the production of documents by Carilène.

---

[1] The joint letter also asserts that Auriga failed to comply with its obligations under Rule 26(a)(1)(A)(ii), but counsel for Carilène has informed the Court that Auriga has since produced documents that satisfy its obligations under that rule.

Auriga has an obligation to provide Carilène with the "best information" it currently possesses regarding its claimed damages at this stage of the litigation. Kingsway Financial Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 Civ. 5560, 2006 WL 1520227, at *1 (S.D.N.Y. June 1, 2006) (noting that party making "a claim [for damages] has the obligation, when it makes its initial disclosures, to disclose to the other parties the best information then available to it concerning that claim, however limited and potentially changing it may be" (alteration in original), quoting 6 James W. Moore, Moore's Federal Practice § 26.22[4][c][ii] (3rd ed. 1997)). Moreover, Auriga retains the right *and duty* to supplement its disclosures as it acquires new information going forward.

Accordingly, it is hereby ORDERED that Auriga shall provide Carilène with the best information now available to it regarding the calculation of damages, including but not limited to: (1) specification of the total amount of damages it is seeking on its counterclaims, and (2) any documents it will submit or has submitted to its damages expert. It is further ORDERED that Auriga shall supplement its disclosures as necessary as the litigation proceeds.

SO ORDERED.

Dated: New York, New York
       March 14, 2008

                                        _____
                                        GERARD E. LYNCH
                                        United States District Judge